***NOT FOR PUBLICATION***

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| HECTOR GUERRERO, : <br> : <br> Plaintiff, : <br> : <br> v. : <br> : <br> PASSAIC COUNTY SHERIFF'S : <br> DEPT., et al., : <br> : <br> Defendants. : | Civil No. 12-3715 (SDW) <br><br> OPINION |

**APPEARANCES:**

**HECTOR GUERRERO**, Plaintiff pro se
270299
Passaic County Jail
11 Marshal Street
Paterson, N.J. 07505

**WIGENTON**, District Judge

Plaintiff Hector Guerrero ("Plaintiff") seeks to bring this action *in forma pauperis*. Based on his affidavit of indigence, the Court will grant Plaintiff's application to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915(a) and order the Clerk of the Court to file the complaint.

At this time, the Court must review the complaint, pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A, to determine whether it should be dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted, or because it seeks monetary relief from a defendant who is immune from such relief. For the reasons

set forth below, the Court concludes that the complaint should be dismissed.

## I. BACKGROUND

Plaintiff, incarcerated at the Passaic County Justice Facility in Paterson, New Jersey at the time of filing, brings this civil rights action, pursuant to 42 U.S.C. § 1983, against Defendants Passaic County Jail, Sheriff's Department and Corizon Medical Services. The following factual allegations are taken from the complaint, and are accepted for purposes of this screening only. The Court has made no findings as to the veracity of Plaintiff's allegations.

Plaintiff alleges that Defendant Corizon Medical Services did not properly treat his injury and due to their neglect, he now walks with a limp. Plaintiff alleges that the Sheriff's Department violated his rights by failing to respond to his grievances requesting medical attention. Plaintiff requests that this Court "make both Defendants pay for [his] pain and suffering."

## II. DISCUSSION

**A. Legal Standard**

**1. Standards for a *Sua Sponte* Dismissal**

The Prison Litigation Reform Act, Pub.L. No. 104-134, §§ 801-810, 110 Stat. 1321-66 to 1321-77 (April 26, 1996), requires a district court to review a complaint in a civil action in which a

prisoner is proceeding *in forma pauperis* or seeks redress against a governmental employee or entity. The Court is required to identify cognizable claims and to *sua sponte* dismiss any claim that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B). This action is subject to *sua sponte* screening for dismissal under 28 U.S.C. §§ 1915(e)(2)(B) and 1915A because Plaintiff is proceeding as an indigent and is a prisoner.

The Supreme Court refined the standard for summary dismissal of a complaint that fails to state a claim in *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009). The Court examined Rule 8(a)(2) of the Federal Rules of Civil Procedure which provides that a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." FED.R.CIV.P. 8(a)(2). Citing its opinion in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) for the proposition that "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do,'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555), the Supreme Court held that, to prevent a summary dismissal, a civil complaint must allege "sufficient factual matter" to show that the claim is facially plausible. This then "allows the court to draw the reasonable inference that the

3

defendant is liable for the misconduct alleged." *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009)(citing *Iqbal*).

The Supreme Court's ruling in *Iqbal* emphasizes that a plaintiff must demonstrate that the allegations of his complaint are plausible. *See Iqbal*, 556 U.S. 677-679. *See also Twombly*, 505 U.S. at 555, & n. 3; *Warren Gen. Hosp. v. Amgen Inc.*, 643 F.3d 77, 84 (3d Cir. 2011); *Bistrian v. Levi*, 696 F.3d 352 (3d Cir. 2012). "A complaint must do more than allege the plaintiff's entitlement to relief. A complaint has to 'show' such an entitlement with its facts." *Fowler*, 578 F.3d at 211 (citing *Phillips v. County of Allegheny*, 515 F.3d 224, 234-35 (3d Cir. 2008)).

**2. Section 1983 Actions**

A plaintiff may have a cause of action under 42 U.S.C. § 1983 for certain violations of his constitutional rights. Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory ... subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress....

Thus, to state a claim for relief under § 1983, a plaintiff must allege, first, the violation of a right secured by the Constitution or laws of the United States and, second, that the alleged deprivation

was committed or caused by a person acting under color of state law. *See West v. Atkins*, 487 U.S. 42, 48, 108 S.Ct. 2250, 101 L.Ed.2d 40 (1988); *Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011).

**B. Analysis**

Plaintiff does not indicate whether he was a pre-trial detainee or a convicted prisoner at the time the incidents occurred.

To the extent he was a pre-trial detainee or a convicted but unsentenced prisoner at the time of the incidents, Plaintiff retains liberty interests firmly grounded in the Due Process Clause of the Fourteenth Amendment.  *See Hubbard v. Taylor*, 399 F.3d 150 (3d Cir. 2005); *Fuentes v. Wagner*, 206 F.3d 335, 341 (3d Cir. 2000).  Analysis of whether such a detainee or unsentenced prisoner has been deprived of liberty without due process is governed by the standards set out by the Supreme Court in *Bell v. Wolfish*, 441 U.S. 520, 99 S.Ct. 1861, 60 L.Ed.2d 447 (1979). *Hubbard*, 399 F.3d at 157-60, 164-67; *Fuentes*, 206 F.3d at 341-42.

> In evaluating the constitutionality of conditions or restrictions of pretrial detention that implicate only the protection against deprivation of liberty without due process of law, we think that the proper inquiry is whether those conditions amount to punishment of the detainee....
>
> A court must decide whether the disability is imposed for the purpose of punishment or whether it is but an incident of some other legitimate governmental purpose. Absent a showing of an expressed intent to punish on the part of detention facility officials, that determination generally will turn on "whether an

5

> alternative purpose to which [the restriction] may rationally be connected is assignable for it, and whether it appears excessive in relation to the alternative purpose assigned [to it]." Thus, if a particular condition or restriction of pretrial detention is reasonably related to a legitimate governmental objective, it does not, without more, amount to "punishment." Conversely, if a restriction or condition is not reasonably related to a legitimate goal-if it is arbitrary or purposeless-a court permissibly may infer that the purpose of the governmental action is punishment that may not constitutionally be inflicted upon detainees qua detainees....

441 U.S. at 535-39 (citations omitted).  The Court further explained that the government has legitimate interests that stem from its need to maintain security and order at the detention facility. "Restraints that are reasonably related to the institution's interest in maintaining jail security do not, without more, constitute unconstitutional punishment, even if they are discomforting and are restrictions that the detainee would not have experienced had he been released while awaiting trial."  441 U.S. at 540.  With respect to medical care and prison conditions, however, pretrial detainees retain at least those constitutional rights enjoyed by convicted prisoners.  *Bell v. Wolfish*, 441 U.S. at 545; *Hubbard*, 399 F.3d at 165-66; *Natale*, 318 F.3d at 581-82; *Kost v. Kozakiewicz*, 1 F.3d 176, 187-88 (3d Cir. 1993).

Here, Plaintiff has failed to allege any facts suggesting intent to punish.  In fact, Plaintiff provides barely any facts regarding

6

his treatment. He does not even allege what medical issue he suffered from. Nor do the facts alleged reflect that the incidents complained of arose out of any arbitrary or purposeless policies or practices. The Complaint fails to state a claim for deprivation of Plaintiff's due process rights.

To the extent Plaintiff was a convicted and sentenced prisoner at the time of the acts complained of, he is protected by the Eighth Amendment. The Eighth Amendment proscription against cruel and unusual punishment requires that prison officials provide inmates with adequate medical care. *Estelle v. Gamble*, 429 U.S. 97, 103-04 (1976); *Rouse v. Plantier*, 182 F.3d 192 (3d Cir. 1999); *Afdahl v. Cancellieri*, 2012 WL 593275 (3d Cir. February 24, 2012). In order to set forth a cognizable claim for a violation of his right to adequate medical care, an inmate must allege: (1) a serious medical need; and (2) behavior on the part of prison officials that constitutes deliberate indifference to that need. *Estelle*, 429 U.S. at 106.

To satisfy the first prong of the *Estelle* inquiry, the inmate must demonstrate that his medical needs are serious. *Hudson v. McMillian*, 503 U.S. 1, 9 (1992). The Third Circuit has defined a serious medical need as: (1) "one that has been diagnosed by a physician as requiring treatment;" (2) "one that is so obvious that a lay person would recognize the necessity for a doctor's attention;"

or (3) one for which "the denial of treatment would result in the unnecessary and wanton infliction of pain" or "a life-long handicap or permanent loss."  *Atkinson v. Taylor*, 316 F.3d 257, 272-73 (3d Cir. 2003) (internal quotations and citations omitted).

The second element of the *Estelle* test requires an inmate to show that prison officials acted with deliberate indifference to his serious medical need.  *See Natale*, 318 F.3d at 582 (finding deliberate indifference requires proof that the official knew of and disregarded an excessive risk to inmate health or safety).  "Deliberate indifference" is more than mere malpractice or negligence; it is a state of mind equivalent to reckless disregard of a known risk of harm.  *Farmer v. Brennan*, 511 U.S. 825, 837-38 (1994).  Furthermore, a prisoner's subjective dissatisfaction with his medical care does not in itself indicate deliberate indifference.  *Andrews v. Camden County*, 95 F.Supp.2d 217, 228 (D.N.J. 2000).  Even if a doctor's judgment concerning the proper course of a prisoner's treatment ultimately is shown to be mistaken, at most what would be proved is medical malpractice and not an Eighth Amendment violation.  *Estelle*, 429 U.S. at 105-06; *White*, 897 F.3d at 110.

Here, Plaintiff does not provide any facts regarding a serious medical need.  He also does not provide any facts to support a finding of deliberate indifference.  As such, any Eighth Amendment claim must be dismissed.

**III.  CONCLUSION**

For the reasons stated above, the complaint will be dismissed in its entirety for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and 28 U.S.C. § 1915A(b)(1).  However, because it is conceivable that Plaintiff may be able to supplement his pleading with facts sufficient to overcome the deficiencies noted herein, the Court will grant Plaintiff leave to move to re-open this case and to file an amended complaint.[1]  An appropriate order follows.

Dated: December 17, 2012

                                                 s/Susan D. Wigenton
                                               SUSAN D. WIGENTON
                                               United States District Judge

---

[1] Plaintiff should note that when an amended complaint is filed, the original complaint no longer performs any function in the case and "cannot be utilized to cure defects in the amended [complaint], unless the relevant portion is specifically incorporated in the new [complaint]."  6 Wright, Miller & Kane, Federal Practice and Procedure § 1476 (2d ed.1990) (footnotes omitted).  An amended complaint may adopt some or all of the allegations in the original complaint, but the identification of the particular allegations to be adopted must be clear and explicit.  *Id.*  To avoid confusion, the safer course is to file an amended complaint that is complete in itself.  *Id.*